**Sofjanarti HERMANTO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74357.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 6, 2008.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Cac–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Siu P. Wong, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Sofjanarti Hermanto, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying her motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *see Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir.2003), and we review due process claims de novo, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

The BIA did not abuse its discretion in denying Hermanto's motion to reopen because it was untimely and Hermanto failed to present evidence of material changed circumstances. *See* 8 C.F.R. § 1003.2(c)(2); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of persecution.").

Hermanto also claims the BIA violated her due process rights to a fair hearing because it did not allow Hermanto to present evidence of changed circumstances.

The claim fails because the motion to reopen was not granted and Hermanto did not demonstrate error and substantial prejudice. *See* 8 U.S.C. § 1229a(c)(7) (stating that motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (holding petitioner must demonstrate error and substantial prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

